IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NANCY MALONEY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 3:08-mc-0255 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| DISCIPLES LIMITED, LLC, ) | |
| COLVIN ENTERPRISES, INC., and ) | |
| JOHN K. COLVIN, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' "Motion for Sanctions" (Docket No. 10), which Judge Echols has referred to the undersigned (Docket No. 16). Plaintiffs have filed a supporting "Memorandum of Law" (Docket No. 11), the Declarations of three of their counsel (Docket Nos. 13, 14, 15) and a proposed Order (Docket No. 10-1). Plaintiffs seek sanctions against Defendants Disciples Limited, LLC, and Colvin Enterprises, Inc., in the amount of $11,840.37, which allegedly represents reasonable attorneys' fees and expenses that arose from Defendants' failure to comply with subpoenas that had been issued to them.

None of the Defendants has filed a Response to the instant Motion.

Insofar as this Court is concerned, this action began with Plaintiffs' filing, on January 23, 2008, of a "Certification of Judgment for Registration in Another District." Docket No. 1, p. 1. Attached to the Certification was a copy of an original default judgment entered July 19, 2007, in

the United States District Court for the Middle District of North Carolina, in a civil action styled *Nancy Maloney, et al. v. Disciples Limited, LLC, Colvin Enterprises, Inc., and John K. Colvin*, No. 1:06-CV-00124, in the amount of $9,106,094.15.  Docket No. 1, p. 2-3.

The Declaration of Plaintiffs' counsel, J. Wesley Covington, states in relevant part as follows:

> 3.  On or about February 3, 2009, as a part of post-judgment discovery, the Plaintiffs caused to be served upon Defendant John Colvin (hereinafter, "Colvin") subpoenas requiring, among other things, Colvin and corporate Defendants Disciples Limited, LLC and Colvin Enterprises, Inc. to appear for deposition on February 24, 2009 at 1:00 p.m. at the United States District Court for the Middle District of Tennessee.
>
> . . .
>
> 4.  More specifically, the subpoenas required Colvin to offer oral testimony on behalf of himself individually, as well as on behalf of the corporate Defendants in this matter, and provided in pertinent part as follows:
>
> YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list of documents or objects): See schedule "A" attached hereto and made a part hereof.
>
> . . .
>
> 5.  Among other documents, Schedule "A" to the subpoenas identified Colvin's and the corporate Defendants' federal and state tax returns for the past three years and bank statements for any bank account for which Colvin is identified as signatory, including but not limited to the corporate Defendants' bank accounts. . . .
>
> 6.  Colvin appeared without counsel on February 24, 2009 for the deposition.  However, when I began the examination, Colvin announced under oath that his counsel had instructed him to produce a copy of Colvin's recently-filed bankruptcy petition and, thence, to leave the deposition. . . . At that point, I went off the record briefly.  Counsel for the Plaintiffs contacted Colvin's

> counsel by telephone and we reached a reasonable understanding with him that Colvin could testify as the designated representative for the corporate Defendants. . . . Significantly, the bankruptcy petition Colvin produced at the deposition identified Colvin and his wife individually as the sole petitioners, and made no mention of the corporate Defendants or the judgment in this matter. As the allegations in the Complaint are grounded in fraud, Colvin's personal liabilities relating to this case are likely not dischargeable in bankruptcy. . . .
>
> 7. At the conclusion of the telephone conference with Colvin's counsel, the deposition resumed. I advised Colvin on the record of the understanding that counsel for the Plaintiffs had reached with his counsel during the telephone conference. I asked Colvin whether he had complied with the subpoenas and, more specifically, whether Colvin had brought with him to the deposition the documents identified in Schedule "A" to the subpoenas. . . .
>
> 8. Colvin, however, failed to bring any documents to the February 24, 2009 deposition, and failed to provide any reasonable explanation for his failure to comply with the subpoenas. Moreover, Colvin provided no reasonable timeline within which the Plaintiffs could expect to receive the documents identified in Schedule "A" to the subpoenas.

Docket No. 13, p. 1-3.

According to the instant Motion, it is filed "pursuant to Rules 37(b)(2), 45(d)(1)(A) and 45(e) of the Federal Rules of Civil Procedure . . . ."[1] Docket No. 10, p. 1. While the Motion itself does not specify the sanctions that Plaintiffs seek or the Defendants against whom sanctions are sought, Plaintiffs' supporting Memorandum of Law states in part, "the Plaintiffs seek to recover the expenses and reasonable attorney's fees arising from the failure to comply with the subpoenas." Docket No. 11, p. 4. The Memorandum of Law also states in part, "the

---

[1] These three Rules are the only legal authorities cited in Plaintiffs' "Memorandum of Law."

3

Plaintiffs request the entry of their proposed Order Imposing Sanctions submitted contemporaneously herewith." *Id*., p. 5. The proposed Order Imposing Sanctions states in relevant part, "Specifically, the Court ORDERS Defendants Disciples Limited, LLC and Colvin Enterprises, Inc. to pay unto the Plaintiffs the amount of $11,840.37 representing expenses and reasonable attorney's fees arising from the failure to comply with this Court's subpoenas requiring the production of documents." Docket No. 10-1, p. 1. It seems reasonably clear, therefore, that Plaintiffs are seeking only monetary sanctions against two Defendants, Disciples Limited, LLC, and Colvin Enterprises, Inc.[2]

Looking to the authorities relied upon by Plaintiffs, it is abundantly clear that Rule 45, which governs subpoenas, does not provide for the imposition of monetary sanctions upon a person who fails to comply with a subpoena. Specifically, Plaintiffs rely upon Rule 45(d)(1)(A) and Rule 45(e). Rule 45(d)(1)(A) merely provides that a person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand. It says nothing about sanctions. Moreover, Rule 45(e) provides only that an "issuing court" may hold in contempt the person who, having been served, fails without adequate excuse to obey the subpoena. It does not, on its face, provide for the imposition of monetary sanctions, and Plaintiffs have not asked the Court to hold any of the Defendants in contempt.

The only remaining authority for the Motion is Rule 37(b)(2), which is quoted (in part) by Plaintiffs as follows:

---

[2] Presumably, Plaintiffs have not sought sanctions against Defendant John Colvin because of his pending bankruptcy proceeding.

4

> Sanctions by Court in Which Action is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . ***the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney's fees, caused by the failure . . . .***

Docket No. 11, p. 4 (emphasis supplied by Plaintiffs).

The Court notes that Plaintiffs have quoted the provisions of Fed. R. Civ. P. 37(b)(2) as they existed prior to December 1, 2007. The Rule was amended effective December 1, 2007, and the relevant provisions of the Rule now read as follows:

> (b) Failure to Comply with a Court Order.
>
> . . .
>
> (2) Sanctions in the District Where the Action is Pending.
>
> > (A) *For Not Obeying A Discovery Order.* If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.
> >
> > . . .
> >
> > (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The initial question under Rule 37(b)(2) is whether Defendants, or any of them, have

5

"fail[ed] to obey *an order* to provide or permit discovery. . . ." (Emphasis added.) In other words, is a subpoena "an order to provide or permit discovery" within the meaning of Rule 37(b)(2)? One noted authority has addressed this issue as follows:

> An order awarding sanctions for disobeying a discovery order must be predicated upon a violation of a prior order compelling discovery. A subpoena is not considered a prior order.
>
> Subpoenas can be obtained as a matter of course from the court clerk. A person or entity to whom a subpoena is directed usually has no opportunity before the subpoena is issued to contest the propriety of the discovery the subpoena purports to compel. Further, the vast majority of subpoenas are issued without any judicial determination as to the appropriateness of the directives the subpoena contains. Thus, failure to obey a subpoena, without more, does not constitute a violation of a court order, and does not expose the subpoenaed person or entity to Rule 37(b) sanctions.

**Moore's Federal Practice 3d** § 37.42[4], p. 37-69 (2008) (footnotes omitted).

This Rule makes abundant sense, particularly in the case at bar. For whatever reason, Plaintiffs chose to seek discovery from Defendants by means of subpoenas, as if Defendants were third-parties. While the Federal Rules of Civil Procedure do not specifically so state, discovery from parties is more properly governed by Rules 30-37, while discovery from non-parties is more properly governed by Rule 45. As **Moore's** states:

> A witness who is a party or party representative need not be subpoenaed for deposition. A proper deposition notice is sufficient to compel the party witness's attendance, with sanctions available should the party fail to appear . . . . However, a subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition.
>
> . . .
>
> The deposing party may require the deponent to bring documents and other materials to the deposition. This is accomplished in one of two ways. If the deponent is not a party, the deposing party

6

> must serve a subpoena duces tecum on the deponent. If the
> deponent is a party, the notice may be accompanied or preceded by
> a request made in compliance with Rule 34 for the production of
> documents, electronically stored information, intangible things at
> the taking of the deposition. The procedure in Rule 34 (rather than
> Rule 45) applies to the request.

**Moore's Federal Practice 3d** §§ 30.21, 30.22, p. 30-47 to 30-48 (2008) (footnotes omitted).

If Plaintiffs had noticed Defendants' depositions and/or requested that documents be produced at the deposition, and Defendants had failed to comply, Plaintiffs would have been forced, before seeking sanctions, to seek an Order compelling the discovery sought under Rule 37(a).[3] Plaintiffs cannot bypass the requirements of Rule 37(a) by issuing subpoenas instead of properly requesting discovery from parties in the lawsuit.[4]

Finally, Rule 45(b)(1) provides in relevant part:

> Serving a subpoena requires delivering a copy to the named person
> and, if the subpoena requires that person's attendance, tendering
> the fees for one day's attendance and the mileage allowed by law.

---

[3] As has been discussed above, Plaintiffs sought these depositions "as part of post-judgment discovery" (Docket No. 13, p. 1), in attempting to collect the default judgment that had been entered against Defendants in the United States District Court for the Middle District of North Carolina. Fed. R. Civ. P. 69(a)(2) specifically provides that a judgment creditor may obtain discovery from "any person – including the judgment debtor" in aid of execution. Thus, Plaintiffs could have simply served deposition notices and requests for production of documents in the North Carolina case, since the North Carolina Court has jurisdiction over these three Defendants. Had Plaintiffs done so, any issues regarding Defendants' failure to comply with the deposition notices or the requests for production of documents could have (and should have) been addressed by the North Carolina Court.

[4] Additionally, Plaintiffs cannot bypass the requirements of Rule 30(b)(2) and Rule 34, which essentially provide that a party who is required to produce documents at his deposition has thirty days, after being served, to produce those documents. In this regard, the Court notes that the subpoenas at issue were personally served upon Defendant John Colvin on February 3, 2009, but they required Defendants to produce the documents sought on February 24, 2009.

7

There is no indication in the record that the appropriate fee or mileage was tendered to Mr. Colvin.  Moreover, the "proof of service" on the subpoenas issued to Disciples Limited, LLC, and Colvin Enterprises indicate that those subpoenas were served upon John Colvin. Those two subpoenas, however, do not mention Mr. Colvin or his relationship to these two entities.

For all the foregoing reasons, the undersigned recommends that Plaintiffs' "Motion for Sanctions" (Docket No. 10) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge