**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| NANCY MALONEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-mc-0255 |
| | ) | Judge Echols |
| DISCIPLES LIMITED, LLC, | ) | |
| COLVIN ENTERPRISES, INC., | ) | |
| and JOHN COLVIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Magistrate Judge has issued a Report and Recommendation ("R & R") (Docket Entry No. 17) recommending denial of Plaintiffs' "Motion for Sanctions" (Docket Entry No. 10) which seeks attorneys' fees and expenses incurred because Defendant John Colvin ("Mr. Colvin") failed to comply with subpoenas issued to him in his personal capacity and as corporate designee of the other Defendants. Plaintiffs have filed Objections (Docket Entry No. 18) to the R & R.

Rule 72(a) of the Federal Rules of Civil Procedure provides that a Court may reverse a Magistrate Judge's ruling on a nondipositive matter only if the decision is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Discovery rulings by Magistrate Judges generally do not dispose of the case and therefore the clearly erroneous or contrary to law standard applies. Chesher v. Allen, 122 Fed. Appx. 184, 187 (6th Cir. 2005).

1

This case began on January 23, 2008 with the filing of a "Certification of Judgment for Registration in Another District," which consisted of a default judgment issued by the United States District Court for the Middle District of North Carolina against the Defendants in the amount of $9,106,094.15.  In an effort to collect on the judgment, Plaintiffs issued a Notice of Deposition to Mr. Colvin for February 24, 2009, together with subpoenas which instructed Mr. Colvin to bring certain enumerated documents with him to his deposition.  Mr. Colvin appeared at the deposition, but failed to produce the requested documents.  This prompted Plaintiffs to file the Motion for Sanctions (along with a Proposed Order) which seeks sanctions in the amount of $11,840.37 and which allegedly represents Plaintiffs' reasonable attorneys' fees and expenses arising from Mr. Colvin's failure to produce the documents.

In recommending denial of the Motion for Sanctions, the Magistrate Judge correctly observed that the Motion was brought pursuant to Fed. R. Civ. P. 37(b)(2), 45(d)(1)(A) and 45(e).  The Magistrate Judge determined that the cited provisions of Rule 45 were inapplicable because they do not provide for the imposition of monetary sanctions upon a party who fails to comply with a subpoena. The Magistrate Judge also ruled that Plaintiff's reliance on Rule 37(b)(2) was misplaced because, while the rule allows for monetary sanctions against a party who fails to comply with a court order, a subpoena is not a court order and what Plaintiffs were attempting to

2

do was to side-step Rule 37's requirement that a party seek an order to compel discovery prior to seeking sanctions. Moreover, the subpoenas required that the documents be produced in 21 days, instead of the 30 days provided for in Fed. R. Civ. P. 34 which relates to the production of documents by a party-opponent.

For the most part, Plaintiffs do not challenge the Magistrate Judge's legal analysis of the governing rules, but instead assert that they believed the issuance of a subpoena to Mr. Colvin (even though he is a party) was the appropriate thing to do because "Mr. Colvin had thwarted Plaintiffs' efforts once before" (in the North Carolina litigation) and "would likely do it again." (Docket Entry No. 18 at 5). While that may be the reason for the action taken, it does not make the Magistrate Judge's recommendation to deny attorneys' fees as a sanction either clearly erroneous or contrary to law.

Plaintiffs also argue the Magistrate Judge failed to consider alternative sanctions under Rule 37(d), including the possibility of ordering Mr. Colvin to produce the requested documents. Again, Plaintiffs have not shown that the Magistrate Judge clearly erred or acted contrary to law.

Plaintiffs did not cite Rule 37(d) in their Motion for Sanctions, but instead cited Rule 37(b)(2) which deals with sanctions for failure to comply with a discovery order and/or failure to produce a person for examination, neither of which is applicable in

3

this case. In their accompanying Memorandum and Proposed Order, Plaintiffs specifically sought attorneys, fees and expenses in the amount of $11,840.37 as a sanction, not an order requesting that the documents be produced. The Magistrate Judge cannot be said to have clearly erred or acted contrary to law by failing to grant relief which was not specifically requested.[1]

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket Entry No. 17) is hereby ACCEPTED and APPROVED;

(2) "Plaintiffs' Objections to Magistrate Judge's Report and Recommendations" (Docket Entry No. 18) are hereby OVERRULED; and

(3) Plaintiffs' "Motion for Sanctions" (Docket Entry No. 10) is hereby DENIED.

It is SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

---

[1]Insofar as Plaintiffs are now moving to compel the production of the subpoenaed documents under Fed. R. Civ. P. 37(d), that is not a proper objection to the R & R. In any event, Rule 37(d)(1)(B) provides that "[a] motion for sanctions for failing to answer or respond [including responding to a request for production of documents] must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). No such certification has been filed in this case.

4